**RECORD NO. 19-4266**

In The
# United States Court of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## DORA MAYBE DAMATTA-RODRIGUEZ,
### a/k/a Dora Maybe Rodriguez-DaAlejo,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT COURT OF NORTH CAROLINA AT WILMINGTON

### BRIEF OF APPELLANT

**Sandra J. Barrett**
**ATTORNEY AT LAW**
**Post Office Box 566**
**Hendersonville, North Carolina  28793**
**(828) 258-9036**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTORY STATEMENT ..................................................................1

STATEMENT OF JURISDICTION.................................................................1

STATEMENT OF THE ISSUES......................................................................1

STATEMENT OF THE CASE & FACTS .......................................................2

SUMMARY OF ARGUMENT .......................................................................5

ARGUMENT PURSUANT TO
*ANDERS v. CALIFORNIA*, 386 U.S. 738 (1967) .......................................6

     STATEMENT OF APPLICABLE STANDARD OF REVIEW ...................6

DISCUSSION OF THE ISSUES.....................................................................6

     A.    Prosecutorial Misconduct......................................................7

     B.    Ineffective Assistance of Counsel.........................................8

CONCLUSION ............................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d. 493 (1967) ......................1, 6, 10

*Becton v. Barnett*,
920 F.2d 1190 (4th Cir. 1990) ...............................................................6

*Kamani v. Holder*,
695 F.3d 666 (7th Cir. 2012) ...............................................................9

*Keathley v. Holder*,
696 F.3d 644 (7th Cir. 2012) ...............................................................9

*Strickland v. Washington*,
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ...............................8

*U.S. v. Armstrong*,
517 U.S. 456, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996) ...........................7

*U.S. v. Faulls*,
821 F.3d 502 (4th Cir. 2016) ...............................................................6

*U.S. v. Knight*,
490 F.3d 1268 (11th Cir. 2017) ...........................................................9

*U.S. v Mason*,
52 F.3d 1286 (4th Cir. 1995) ...............................................................6

*U.S. v. Messervey*,
317 F.3d 457 (5th Cir. 2002) ...............................................................6

*U.S. v. Moussaoui*,
591 F.3d 263 (4th Cir. 2010) ...............................................................6

ii

*U.S. v. Trent*,
    443 Fed. Appx. 860 (4th Cir. 2011)......................................................................6

*Wiggins v. Smith*,
    539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) ...........................8

## **CONSTITUTIONAL PROVISIONS**

U.S. CONST. amend. V ...........................................................................................3, 7

U.S. CONST. amend. VI..........................................................................................3, 8

## **STATUTES**

18 U.S.C. § 611 ......................................................................................................4, 9

18 U.S.C. § 611(a) ...........................................................................................1, 2, 4, 9

18 U.S.C. § 1015(f)....................................................................................................2

18 U.S.C. § 3231 .......................................................................................................1

18 U.S.C. § 3553.......................................................................................................5

28 U.S.C. § 1291 .......................................................................................................1

## **OTHER AUTHORITY**

Black's Law Dictionary ...........................................................................................7

## INTRODUCTORY STATEMENT

This brief is being filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d. 493 (1967), on behalf of Dora Damatta-Rodriguez, the defendant in the Court below and the Appellant.   The United States of America is the Appellee and was the prosecuting party in the Court below.

## STATEMENT OF JURISDICTION

Subject matter jurisdiction in the United States District Court for the Eastern District of North Carolina, Southern Division, was based on 18 U.S.C. § 3231. The district court had jurisdiction over this case by virtue of Damatta-Rodriguez, the Appellant/Defendant, being charged with a violation of 18 U.S.C. § 611(a).

The Fourth Court Circuit has jurisdiction over this appeal under 28 U.S.C. § 1291 as an appeal of a final judgment of conviction and sentence in the District Court.   The district court's Judgment was entered on April 11, 2019.   (Dkt. # 32). A timely notice of appeal was filed on April 17, 2019.   (Dkt. #34).

## STATEMENT OF THE ISSUES

1.    WHETHER DAMATTA-RODRIGUEZ IS THE VICTIM OF SELECTIVE PROSECUTION BY THE GOVERNMENT BASED ON HER POLITICAL BELIEFS?

2.    WHETHER DAMATTA-RODRIGUEZ'S TRIAL COUNSEL FELL SHORT BY FAILING TO PRESENT THE DEFENSES OF ENTRAPMENT BY STOPEL, OFFICIAL AUTHORIZATION, JUSTIFICATION, OR LACK OF MENS REA?

## STATEMENT OF THE CASE & FACTS

In May of 2017, agents with the Homeland Security Investigations in Raleigh, NC, received documentation from the North Carolina Board of Elections related to the identity and voters' profile of 136 subjects presumed to be involved in voters' fraud. Pursuant to their investigation, about 20 legal immigrants were indicted in the Eastern District of North Carolina, Southern Division, including Ramon Esteban Paez-Jerez (Case # 5:18-cr-131), Denslo Allen Paige (Case # 5:18-cr-298-2FL), Guadalupe Espinosa-Pena (Case # 5:18-cr-298-1FL), Juan Francisco Landeros-Mireles (Case # 5:18-cr-325), Daniel Tudeusz Romanowski (Case # 5:18-cr-326), Alessandra Cannizzaro (Case # 5:18-cr-328), and the Appellant, Dora Damatta-Rodriguez, (Case # 7:18-cr-133).

Damatta-Rodriguez was charged by indictment with (1) knowingly making a false statement on September 7, 2016 in order to register to vote, in violation of 18 U.S.C. § 1015(f), and, (2) " . . . knowing she was not a U.S. citizen, did knowingly vote", in a presidential election on November 8, 2016, in violation of 18 U.S.C. § 611(a). (Dkt. #1). All defendants known to the undersigned were similarly charged. *See above referenced District Court Case Files.*

Damatta-Rodriguez was granted Legal Permanent Resident status at the age of 18, when she entered the United States from Panama in 1972 with her husband

2

who was a U.S. Citizen. She raised a family and remained in this country for more than 40 years as a Permanent Resident.

Prior to the 2016 presidential election, Damatta-Rodriguez heard President Obama, answering questions from reporters and others. When asked by actress, Gina Rodriguez, whether dreamers and immigrants, who contribute to the country, should be afraid of deportation if they show up and vote, Obama replied, "No." It was later reported by FOX News and other conservative media that the president said immigrants could vote. (Dkt. #42, pgs. 5-6). Based on this information, Damatta Rodriquez went to the Board of Elections to apply for a voter registration card. They looked at her driver's license, which says that she is a permanent resident, so she thought everything was ok. (Dkt. # 42, pg. 9). She marked that she was a citizen on the application because she had supported and contributed to the country for over 40 years. That was the basis for Count One of the Indictment, which was ultimately dismissed.

Damatta-Rodriguez entered into a Plea Agreement on October 11, 2018. (Dkt. # 22). She pled guilty to Count Two, Voting by an Alien, and the government agreed to dismiss Count One, Making a False Statement. The Agreement contained a waiver of appellate rights, except for appeals based on ineffective assistance of counsel or prosecutorial misconduct, as well as a waiver of all rights under the Fifth and Sixth Amendments to the U.S. Constitution. The

3

Presentence Investigation Report noted a 12-month maximum statutory term of imprisonment and a Guideline range of zero months to six months imprisonment. (Dkt. # 26).

At the plea proceedings December 13, 2018, before Magistrate Judge, Robert Jones, Jr., defense counsel clarified for the court that 18 U.S.C. § 611(a), does not include knowledge as an element of the crime. Counsel explained that this makes it more accurate to define the statute as a strict liability offense, which does not require knowledge that a legal permanent resident cannot vote. (Dkt. # 41, pgs. 22-23). The text of 18 U.S. Code § 611 reads in full as follows:

> (a)  It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, unless—
>> (1)  the election is held partly for some other purpose;
>> (2)  aliens are authorized to vote for such other purpose under a State constitution or statute or a   local ordinance; and
>> (3)  voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.
>
> (b)  Any person who violates this section shall be fined under this title, imprisoned not   more than one year, or both.
> (c)  Subsection (a) does not apply to an alien if—
>> (1)  each natural parent of the alien (or, in the case of an adopted alien, each adoptive parent of the alien) is or was a citizen (whether by birth or naturalization);
>> (2)  the alien permanently resided in the United States prior to attaining the age of 16; and

4

(3)   the alien reasonably believed at the time of voting in violation of such subsection that he or she was a citizen of the United States.

At the sentencing hearing, presided over by District Court Judge Flanagan on April 11, 2019, defense counsel discussed the requirement that under the 3553 factors, the sentence should be on a par with similarly situated defendants, and that to his knowledge only two defendants out of all the other cases had received jail sentences.   One was the woman who actually registered other people.   The second was man who was, in fact, told he could not vote, but voted anyway.   (Dkt. #42, Pg. 7).   Judge Flanagan signed and approved the Plea Agreement, (Dkt. # 29), and ordered Damatta-Rodriguez incarcerated for 14 days by Judgment entered April 11, 2019.   (Dkt. # 32).   The only explicit, individualized explanation on the record for Judge Flanagan's sentencing is her statement that,

> "I think she did it knowing that she wasn't authorized to vote.   And, I don't detect a lot of remorse here, though I appreciate Mr. Gordon's efforts to suggest there is.   But I think she is very happy that she voted in that election and had the opportunity, as she says, to effect change."   (Dkt. #42, Pg. 13).

## **SUMMARY OF ARGUMENT**

There appears to be no evidence or case law to show that the District Court abused its discretion, improperly applied applicable law, or otherwise committed legal error.   However, the undersigned asks this Court to consider whether

5

Damatta-Rodriguez's due process rights were compromised due to selective prosecution and/or ineffective assistance of counsel.

## ARGUMENT PURSUANT TO
## *ANDERS v. CALIFORNIA*, 386 U.S. 738 (1967)

### STATEMENT OF APPLICABLE STANDARD OF REVIEW.

The standard of review of an *Anders* submission is a de novo review of the entire record and all pertinent documents to determine whether the case is wholly frivolous.   Pursuant to the rule announced in *Anders v. California,* 386 U.S. 738, 98 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), this Court may only affirm the District Court's decision if it finds that the instant appeal is wholly frivolous.

A claim of prosecutorial misconduct is reviewed for abuse of discretion. *U.S. v. Trent*, 443 Fed. Appx. 860 (4th Cir. 2011); *U.S. v. Moussaoui*, 591 F.3d 263 (4th Cir. 2010); *U.S. v. Messervey*, 317 F.3d 457 (5th Cir. 2002); *U.S. v. Mason*, 52 F.3d 1286 (4th Cir. 1995).

With regard to the claim that Appellant's attorney provided ineffective assistance of counsel, the standard of review is de novo as to whether specific facts constitute ineffective assistance of counsel.   *U.S. v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016); *Becton v. Barnett*, 920 F.2d 1190, 1193 (4th Cir. 1990).

### DISCUSSION OF THE ISSUES

I certify I have thoroughly examined and reviewed the record in this case.   I have reviewed all pleadings, filings, and transcripts of all court proceedings to

6

fully understand and reveal any particular issues to be raised.   In this case,

Defendant's guilt was established by her guilty plea, and the District Court

imposed a sentence within the appropriate Guideline Range.

However, to assist the court in reviewing this Anders appeal in its entirety de

novo, the Appellant directs the court to the following matters, which may justify

remand to the District Court for further proceedings:

### A.    Prosecutorial Misconduct

Selective prosecution is defined by Black's Law Dictionary as:

> "The practice or an instance of a criminal prosecution brought at the
> discretion of a prosecutor rather than as a matter of course in the
> normal functioning of the prosecuting authority's office.   Selective
> prosecution violates the Equal Protection Clause if a defendant is
> singled out when others similarly situated have not been prosecuted
> and prosecutor's reasons for the disparate treatment are
> impermissible."

This occurs when a criminal prosecution is based on an unjustifiable

standard such as race, religion, sex, or other arbitrary classification, such as

political affiliation.   The Supreme Court has held that selective prosecution in the

administration of the criminal law amounts to a practical denial of equal protection

of the law contained in the Due Process Clause of the Fifth Amendment to the U.S.

Constitution.   *U.S. v. Armstrong,* 517 U.S. 456, 116 S. Ct. 1480, 134 L. Ed. 2d 687

(1996).

The undersigned is of the opinion that in the interest of justice, the Court should remand this case to the district court for the purpose of holding an evidentiary hearing to determine whether selective prosecution played a role in the conviction of Damatta-Rodriguez and others similarly prosecuted.

### B.    Ineffective Assistance of Counsel

Under *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003), and under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Sixth Amendment guarantees criminal defendants the effective assistance of counsel.   The Supreme Court in *Wiggins* required that the defendant make a threshold showing that (1) his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.   The *Strickland* court defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome."   *Strickland*, 104 S. Ct. 2052, 2070.   However, exactly what constitutes an objective standard of reasonable performance by defense counsel defies succinct definition.

Damatta-Rodriguez asks this court to review the record in its entirety and make a determination as to whether her trial counsel failed to present all viable defenses.   "The only way to determine whether a person has violated a criminal

8

statute is to examine both the elements of that law and all defenses properly

raised." *Keathley v. Holder*, 696 F.3d 644 (7th Cir. 2012).

To the knowledge of the undersigned, there are only three cases of appeals

arising from convictions of 18 U.S.C. § 611(a), voting by an alien.   One is *U.S. v.

Knight*, 490 F.3d 1268 (11th Cir. 2017), in which the issue was whether the statute

itself was unconstitutional because it failed to require a mens rea.   Given that the

American rule of law distinguishes criminal statutes from civil ones by the

inclusion of intent, the court held that 18 U.S.C. § 611 was a general intent crime.

The other two cases on point arose in the Seventh Circuit.   Both discuss the

possibility of entrapment by estoppel as a good defense to a charge under 18

U.S.C. § 611.   Entrapment by estoppel is among the justification defenses, best

defined as the official authorization defense--meaning that if an alien had actual

authority to vote, from a proper official, that authorization could be a good defense

to a charge of voting illegally.   *Kamani v. Holder*, 695 F.3d 666 (7th Cir. 2012).

> "The power to register someone supposes some authority to ascertain
> whether legal qualifications have been met, and officials are supposed
> to inform applicants about the eligibility rules for voting.   42 U.S.C.
> § 1983gg(a)(5).   These officials thus are entitled to speak for the
> government on that subject.   What they say is not conclusive, but the
> official-authorization defense does not depend on the public official
> being *right* when giving approval."   *Heathley v. Holder,* 695 F.3d 666
> (7th Cir. 2012)."

Although these holdings by the Seventh and Eleventh Circuits are not

binding on the Fourth Circuit, Damatta-Rodriguez would ask the Court consider

9

the same issues as they may relate to a missed obligation by her trial counsel to raise viable defenses.

### CONCLUSION

The undersigned respectfully requests that this Court conduct a full examination of the record in this case for possible prejudicial error and to determine whether counsel has overlooked any justifiable error issue.   In accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1386 (1967), the undersigned submits this brief to the Court to provide what assistance she can in its review.   A copy of this brief will be sent to Appellant together with a letter informing her that she has the right to raise any issues she may choose to raise within a reasonable time.   Counsel request that this Court allow Appellant to raise any points that she chooses in support of her appeal.

Respectfully submitted this 11th day of July 2019.

/s/ Sandra J. Barrett
Attorney for Appellant
P. O. Box 566
Hendersonville, NC 28793
Telephone:   828-258-9036
EMail:   barrett.law.nc@gmail.com

10

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [*2,340*] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.      This brief document complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  July 11, 2019                           /s/ Sandra J. Barrett
                                                *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 11th day of July, 2019, I caused this Brief of

Appellant to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing to the following registered CM/ECF

users:

Jennifer P. May-Parker
OFFICE OF THE U.S. ATTORNEY
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601
(919) 856-4530

*Counsel for Appellee*

I further certify that on this 11th day of July, 2019, I caused the required

copy of the Brief of Appellant to be hand filed with the Clerk of the Court and a

copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon

the Appellant, at the address below:

Dora Damatta-Rodriguez, #65265-056
203 W. Greene Street
Robertsonville, North Carolina  27871

*Appellant*

/s/ Sandra J/ Barrett
*Counsel for Appellant*